UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

BRIAN MACKSEY,

                Petitioner,

v.

MATT MACAULEY,

                Respondent.

_____/

Case No. 1:19-cv-605

Honorable Janet T. Neff

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will order Petitioner to demonstrate that he meets the requirements for a stay of his exhausted claims while he exhausts his previously unexhausted claims.

**Discussion**

I.      Background

Petitioner Brian Macksey is incarcerated with the Michigan Department of Corrections at Bellamy Creek Correctional Facility (IBC) in Ionia County, Michigan. Following a trial in the Kent County Circuit Court, a jury convicted Petitioner of one count first-degree, and two counts of second-degree criminal sexual conduct (CSC) with a person under the age of 13 years old. On June 21, 2016, the trial court sentenced him to concurrent terms of 25 to 45 years for the first-degree CSC conviction, and 5 to 15 years for each of the second-degree CSC convictions.

Petitioner timely filed his habeas corpus petition in July 2019. The petition raises the following grounds for relief:

I.      [Petitioner] was denied due process and his right to a fair trial when the trial court excluded evidence which would impeach his accuser. This exclusion barred [Petitioner's] ability to present a complete defense.

II.     [Petitioner] was denied his right to the effective assistance of counsel when counsel failed to object to the exclusion of the impeachment evidence. The state court's application resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

(Pet., ECF No. 1, PageID.3.)

II.      Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, at 844, 848; *see also Picard v. Connor*, 404

U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised the following issues on appeal to the Michigan Court of Appeals and the Michigan Supreme Court:

> [Petitioner] was denied his right to a fair trial and due process of law under US Const. AM. XIV and Const. 1963, art. 1 § 20 by the trial court's exclusion of evidence which would impeach his accuser. Alternatively, [Petitioner] was denied his right to effective assistance of counsel under US Const. Ams. VI, XIV, and Const. 1963, art. 1 § 20 by trial counsel's failure to object and a new trial is required.

(Pet., ECF No. 1, PageID.2.)

In other words, on appeal, Petitioner contended that he was deprived of due process and the ineffective assistance of counsel, and his petition raises these same two claims. But his petition also asserts one additional claim that does not appear to have been raised on appeal. In the petition, Petitioner asserts that the exclusion of evidence prevented him from presenting a complete defense. That claim is not necessarily encompassed by his assertion that the exclusion of the evidence deprived him of a fair trial and due process under the Fourteenth Amendment. The right to present a complete defense derives from the Due Process Clause of the Fourteenth

Amendment as well as the Compulsory Process and Confrontation Clauses of the Sixth Amendment. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Accordingly, based on the description of claims provided by Petitioner, it appears that he did not raise the issue of being deprived of the right to present a complete defense.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the complete-defense issue he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must present it in a motion for relief from judgment filed in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must raise the issue again in an appeal to the Michigan Court of Appeals and then in an appeal to the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner appears to have some claims that are exhausted and one that is not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice

often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on May 29, 2018. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 27, 2018. Accordingly, the statute of limitations expired on August 27, 2019.

The *Palmer* Court indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-

court remedies. *Palmer*, 276 F.3d at 781; s*ee also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]

In the instant case, the statute of limitations expired a few weeks after Petitioner filed his habeas petition. If the Court were to dismiss the case without prejudice at this time, Petitioner would not be able to file a motion for post-conviction relief in state court and return to this Court before expiration of the statute of limitations. In other words, the dismissal would jeopardize the timeliness of a subsequent petition. *Palmer*, 276 F.3d at 781. Consequently, it may be necessary to stay this case while Petitioner exhausts his apparently unexhausted claim in state court.

The Supreme Court has held, however, that a stay should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court should stay the mixed petition pending prompt exhaustion of state remedies only if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is not appropriate, it must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Consequently, if Petitioner wishes to pursue his unexhausted claim in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims.

The Court will enter an order consistent with this opinion.


Dated: __October 15, 2019__          __/s/ Janet T. Neff__
                                       Janet T. Neff
                                       United States District Judge